UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Timothy Martin, | : | |
| Plaintiff, | : | |
| | : | No. 3:18-CV-00538(VLB) |
| v. | : | |
| | : | |
| Harbor Freight Tools USA, Inc. | : | September 24, 2018 |
| Defendant. | : | |

# MEMORANDUM OF DECISION REMANDING CASE TO STATE COURT

Plaintiff, a resident of Connecticut, claims he purchased a water pump from Defendant, a corporation organized under the laws of the State of Delaware. [Dkt. 1-2, Exhibit B (Complaint) ¶ 3]. Plaintiff alleges that the water pump was defective, and that this defective water pump caused flooding in his basement and damage to his home and property. [Dkt. 1-2, Exhibit B, ¶ 4]. Plaintiff originally filed his complaint in Connecticut Superior Court on March 2, 2018. [Dkt. 1-2, Exhibit B, at 7]. Defendant timely removed on March 30, 2018, invoking diversity jurisdiction under 28 U.S.C. §1332(a). [Dkt. 1 (Notice of Removal)].

The Court held a Rule 16 teleconference on April 25, 2018, for the primary purpose of ascertaining whether the amount in controversy requirement was satisfied. [Dkt. 16]. In response to the Court's inquiry, Plaintiff identified the property he claims was damaged and its value. Shortly thereafter, on May 20, 2018, Plaintiff filed a Motion to Remand to State Court, stating that "if this case is remanded back to State court; the plaintiff will not seek or accept a judgment in

excess of $75,000." [Dkt. 18 (Plaintiff's Mot. to Remand) ¶ 7(A)]. Defendant responded in support of the Motion to Remand, requesting that the Court issue an Order stating that the Defendant "may not seek or recover judgment in excess of $75,000" in state court. [Dkt. 21 (Defendant's Response to Plaintiff's Mot. to Remand) ¶ 8]. Plaintiff then withdrew his Motion to Remand, stating that he "no longer is willing to limit his potential Judgement in this matter to $75,000." [Dkt. 22 (Notice of Withdrawal of Mot. to Remand) ¶ 1]. For the reasons described below, this case is REMANDED *sua sponte* to state court.

## Legal Standard

The Court must remand a case if, at any time during the course of litigation, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The party invoking federal jurisdiction bears the burden of establishing the existence of a sufficient amount in controversy. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994). The party must prove to "a reasonable probability" that the claim meets the jurisdictional amount. *United Food*, 30 F.3d at 305. The party must prove those allegations by the preponderance of the evidence. *Id.* If the court finds it lacks jurisdiction for removal, "remand may take place without []motion and at any time." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998). Courts may remand where the amount in controversy requirement appeared satisfied at the outset of the action but subsequent evidence disproved the amount. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994).

## Analysis

Plaintiff originally claimed he would ask the jury for "several hundreds of thousands" of dollars. [Dkt. 1 (Notice of Removal) ¶ 9; Dkt. 1, Exhibit C (Email from Plaintiff)]. Harbor Freight noted that "Plaintiff's Complaint seeks recovery of replacement costs for loss of tools, windows, doors and for damage to the basement's structure." [*Id.*]. Martin's Complaint also claimed "mold and insect infestation" and "appears to claim non-economic damages related to the loss of several paintings made by his mother and grandmother." [*Id.* ¶ 8].

At the parties' Rule 16 teleconference, the Plaintiff alleged that the most he would ask for is $60,000. [Dkt. 17 (Minute Entry – Rule 16 Teleconference)]. Plaintiff also told the Court that he was unsure how much of the damage to his basement was the direct result of the flooding allegedly caused by Defendant's pump. [*Id.*]. Plaintiff admitted three additional facts which militate against more than a nominal jury award for the damaged paintings. First, he admitted that neither his mother's painting nor his grandmother's painting had any pecuniary value. [*Id.*]. Second, he admitted he did not display any of the paintings in his home where he could see them. [*Id.*]. Third, he admitted he kept the paintings in the mold and insect infested basement. These three facts suggest a reasonable jury would not be inclined to award more than nominal damages for any emotional distress, if any, Plaintiff was able to prove he suffered as a result of the damage done to the paintings. Finally, in his withdrawn Motion to Remand, he makes a demand of only $20,000. [Dkt. 18 (Pl.'s Mot. to Remand) ¶ 4].

## Conclusion

Based on the facts that have come to the Court's attention since the Notice of Removal, the Court finds that there is less than $75,000 in controversy and therefore it lacks subject matter jurisdiction. This case is hereby REMANDED to Connecticut Superior Court, Judicial District of New Haven at Meriden.

        IT IS SO ORDERED

        _____/s/_____

        Hon. Vanessa L. Bryant
        United States District Judge

Dated at Hartford, Connecticut: September 24, 2018.